UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **DIVERSIFIED ADJUSTMENT SERVICE, INC.**<br><br>Plaintiff,<br><br>v.<br><br>**DIVERSIFIED COLLECTION SERVICE, INC.**<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND DECEPTIVE TRADE PRACTICES**<br><br>(JURY TRIAL DEMANDED) |

## COMPLAINT

Plaintiff, Diversified Adjustment Service, Inc. ("Diversified") files this complaint against Defendant Diversified Collection Service, Inc. ("DCS") and states and alleges as follows:

## THE PARTIES

1. Plaintiff Diversified is a Minnesota corporation with a principal place of business located at 600 Coon Rapids Blvd. NW, Coon Rapids, MN 55433.

2. On information and belief, Defendant DCS is an Ohio corporation with a principal place of business located in Lyndhurst, Ohio and with a mailing address of P.O. Box 21726, Cleveland, Ohio 44121.

## JURISDICTION, VENUE AND JOINDER

1

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1338(a) because this action for infringement of a federal trademark registration and use of a mark in commerce arises under the federal trademark statute (the "Lanham Act").

4. This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1338(b) and § 1367(a) because this action for deceptive trade practices and unfair competition arises under the Minnesota Deceptive Trade Practices Act (the "DTPA"), Minn. Stat. § 325D.44 and is joined with a substantial and related claim under federal trademark laws.

5. This Court has personal jurisdiction over Defendant DCS for at least the reasons that DCS does transact business in Minnesota, has purposefully availed itself of the privileges of doing business in Minnesota, and has committed acts of trademark infringement in Minnesota as alleged in this Complaint.

6. Defendant DCS's deceptive trade practices result from transacting business in Minnesota and this judicial district. On information and belief, Defendant advertises its services primarily online and does not restrict its prospective clients by state, such that on information and belief claims have been placed with DCS through clients and accounts based in Minnesota.

7. Venue is proper in the District of Minnesota pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, on information and belief, Defendant DCS has transacted business through the state of Minnesota, and has committed tortious acts within the State of Minnesota, causing injury to Diversified in the State of Minnesota.

## FACTUAL BACKGROUND

8. Diversified is a debt collection agency, operating nationwide.

9. Diversified provides third-party debt collection services and receivable management solutions to America's leading companies and has done so continuously since 1981.

10. In debt collection and receivables management, third parties generally utilize the services of the debt collection agency to recover funds owed from a debtor, such as a consumer or other company. The debt collection agency generally works for its customers by contacting debtors to secure payment and/or satisfaction of the debt. If the debtor does not satisfy the debt, the debt collection agency may report the debt to national credit reporting companies, negatively impacting the debtor's credit score for example.

11. Diversified works with both companies and consumers to settle past due accounts while also complying with all provisions of the Fair Debt Collection Practices Act (FDCPA), Fair Credit Reporting Act (FCRA), the Personal Privacy Act of 1974, the Gramm Leach Bliley Privacy Act (GLBA), Protected Health Information (PHI), Health Insurance Portability and Accountability Act (HIPAA), and all other applicable statutes, regulations, policies, and procedures while also protecting consumer data through various data security measures.

12. Consumers also have the option to file consumer complaints against a debt collection agency with the Consumer Financial Protection Bureau, Federal Trade Commission, Better Business Bureau, and state regulatory agencies such as State Attorney Generals and licensing authorities.

13. Diversified has been continuously using its DIVERSIFIED® mark in commerce in the United States since at least January 1981 in connection with debt collection services.

14. Diversified is the owner of United States Trademark Registration No. 1,882,501 for DIVERSIFIED ("the '501 registration"), which registered on the principal register with the United States Patent and Trademark Office ("USPTO") for "debt collection services" on March 7, 1995. A true and correct copy of the '501 registration is attached as Exhibit A.

15. The '501 registration is incontestable. Diversified filed a Combined Declaration under Sections 8 and 15 in the '501 registration on June 29, 2000 and the USPTO acknowledged the Declaration of Incontestability under Section 15 on October 17, 2000.

16. Diversified is and has been at all relevant times the owner of the '501 registration.

**COUNT I - § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))**

17. Diversified repeats and realleges all allegations set forth above in paragraphs 1-16 as if they were stated in full and incorporated herein.

18. Diversified is the owner of the DIVERSIFIED® mark and has continuously used the mark in commerce in connection with debt collection services since at least as early as January 1981.

19. Diversified owns and holds all legal title, interest, and rights in the '501 registration.

20. Defendant did not and does not have authority or permission to use Plaintiff's DIVERSIFIED® trademark in order to offer to sell and/or sell debt collection services and/or related or similar services of which Diversified is not the source of those services.

21. Defendant has had actual knowledge of Diversified's DIVERSIFIED® mark at least by the time of the filing and service of the Complaint.

22. On information and belief, Defendant has had knowledge of Diversified's federal and common law rights in its DIVERSIFIED® mark in connection with debt collection services.

23. In violation of § 43(a) of the Lanham Act, on information and belief, Defendant has misappropriated the reputation and goodwill built up in Diversified's DIVERSIFIED® mark and continues to infringe Diversified's federal and common law trademark rights by capitalizing on and creating confusion, mistake and/or deception between Plaintiff's DIVERSIFIED® mark and Plaintiff's services.

24. On information and belief, in violation of § 43(a) of the Lanham Act, Defendant has misappropriated the reputation and goodwill built up in Diversified's DIVERSIFIED® mark and are infringing Diversified's federal and common law trademark rights by capitalizing on and/or creating confusion, mistake and/or deception or at least intentionally creating an initial interest confusion between Plaintiff's DIVERSIFIED® mark and services and Defendant's services.

25. On information and belief, on or about November 3, 2017, Defendant DCS incorporated in the State of Ohio.

26. On information and belief Defendant DCS began offering debt collection services on or around November 3, 2017.

27. DCS has a commercial incentive in confusing consumers by way of use of Diversified's DIVERSIFIED® mark based on the misappropriation of Diversified's reputation and goodwill. Collection agencies must follow federal and state rules with respect to contacting consumers and consumers may submit complaints with the state and federal agencies, including but not limited to the Consumer Financial Protection Bureau. Complaints and/or reports are lodged by consumers naming the collection agency. Thus, the incentive is two-fold. DSC may benefit by way of the misappropriation of Diversified's reputation and good will, which has been accrued over forty-plus years of continuous use of the DIVERSIFIED® mark. Additionally or alternatively, DCS has an incentive in a consumer filing a report against Diversified instead of DCS as the result of confusion between the respective parties. DCSs benefits unjustly from Diversified's investment in its services and advertising.

28. DCS stands to materially and financially gain by creating confusion in the marketplace and trading on the value of Diversified's mark in order to attract and/or initially attract and confuse customers who then purchase DCS's services.

29. DCS stands to materially and financially gain by creating confusion in the marketplace and trading on the value of Diversified's mark in order to attract and/or initially attract and confuse customers who then mistakenly file complaints against Diversified instead of DCS.

30. Diversified has been injured and suffered significant financial damage as a direct and proximate result of DCS infringement of Plaintiff's federal and common law trademark rights.

31. DCS's infringement of Plaintiff's federal and common law trademark rights has and will continue to cause irreparable injury and damage to Diversified unless and until the Court enjoins DCS from committing further infringing acts.

32. Diversified is entitled to recover damages from DCS as a result of DCS's wrongful acts of infringement in and an amount subject to proof at trial.

## COUNT II – DECEPTIVE TRADE PRACTICES (MINN. STAT. § 325D.44)

33. Diversified repeats and realleges all allegations set forth above in paragraphs 1-32 as if they were stated in full and incorporated herein.

34. Defendant has a statutory duty as set forth in Minnesota's Deceptive Trade Practices Act ("DTPA") to refrain from unfair or deceptive acts or trade practices in the sale of its debit collection services.

35. Had DCS not engaged in the deceptive conduct described hereunder, Plaintiff would not have lost profits for the sales of its DIVERSIFIED® services diverted by DCS.

36. On information and belief, DCS misled and continues to mislead potential customers of Plaintiff by the deceptive conduct described at least in Paragraphs 20-30 and as described hereunder.

37. On information and belief, in violation of Minn. Stat. § 325D.44(1), DCS's deceptive, unconscionable, and/or fraudulent representations include passing off

7

Defendant's services as that of Plaintiff, and constitutes unfair and deceptive acts and trade practices.

38. On information and belief, in violation of Minn. Stat. § 325D.44(2) DCS's deceptive, unconscionable, and/or fraudulent representations include causing a likelihood of confusion and/or of misunderstanding as to the source, sponsorship, approval, or certification of Defendant's collection services in or by Plaintiff's business and/or with Plaintiff's collection services.

39. On information and belief, in violation of Minn. Stat. § 325D.44(3), DCS's deceptive, unconscionable, and/or fraudulent representations include causing a likelihood of confusion and/or of misunderstanding as to affiliation, connection, or association with, or certification by Plaintiff of Defendant's collection services.

40. On information and belief, in violation of Minn. Stat. § 325D.44(13), DCS's deceptive, unconscionable, and/or fraudulent representations include engaging in any other conduct which similarly creates a likelihood of confusion between Plaintiff's DIVERSIFIED® mark and its collection services sold in connection therewith and Defendant's collection services.

41. Diversified has been injured and suffered significant financial damage as a direct and proximate result of DCS's violation of the Minnesota DTPA.

42. DCS' violation of the Minnesota DTPA has and will continue to cause irreparable injury and damage to Diversified unless and until the Court enjoins DCS's from committing further infringing acts.

## REQUEST FOR RELIEF

Diversified respectfully requests the following relief:

A. A judgment that DCS has infringed and is infringing Plaintiff's DIVERSIFIED® trademark, and is liable to Diversified for damages caused by such infringement;

B. An award of damages, including lost profits, or in the alternative, not less than a reasonable royalty, including pre-judgment and post-judgment interest and costs, in an amount adequate to compensate Diversified for DCS's infringement of the Plaintiff's DIVERSIFIED® trademark;

C. An order permanently enjoining DCS from infringing the DIVERSIFIED® trademark;

    i. the order permanently enjoining DCS from offering for sale and/or selling Defendant's services in close association and/or proximity with Plaintiff's mark;

    ii. the order permanently enjoining DSC from offering for sale and/or selling Defendant's services by creating confusion, mistake and/or deception as to Plaintiff as the source of Defendant's services; and

    iii. the order permanently enjoining DCS from continuing the deceptive trade practices;

D. If a permanent injunction is not granted, a judicial determination of the conditions for future infringement such as an ongoing royalty;

E.     A post-judgment equitable accounting of damages owed by DCS for the period of infringement of the DIVERSIFIED® trademark following the period of damages established at trial;

F.     A finding that this case is "exceptional" and an award of attorneys' fees, expenses, and costs incurred in this action, pursuant to 17 U.S.C. § 1117;

G.     Any other and further relief at law or in equity as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution of the United States, Plaintiffs hereby demand a trial by jury of all issues triable in the above action.

Dated: August 1, 2023                            Respectfully Submitted,

By:     s/Amanda M. Prose

Amanda Prose (MN # 392,688)
Z. Peter Sawicki (MN # 122038)
WESTMAN, CHAMPLIN & KOEHLER, P.A.
121 South 8th Street
Suite 1100
Minneapolis, Minnesota 55402
Telephone: 612-334-3222
Fax: 612-334-3312
E-mail: psawicki@wck.com
E-mail: aprose@wck.com

**ATTORNEYS FOR PLAINTIFF DIVERSIFIED ADJUSTMENT SERVICE, INC.**